STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GUY DRAGONE, PLAINTIFF IN ERROR.

Submitted November term, 1922—Decided February 20, 1923.

**Crimes—Disorderly House—Specifications of Error.**

On writ of error.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff in error, *John A. Matthews* and *Crosken & Moriarty.*

For the defendant in error, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted of keeping a disorderly house in the city of Newark. He files eight assignments of error and twenty-nine specifications of causes for reversal. They are argued in the brief as follows:

First, error not to strike out the testimony of John A. Feld, as to the disposition made of sixteen girls in the police court. No objection was made until after the answer to the question had been given. This was too late. *State* v. *Hummer*, 81 *N. J. L.* 430; *State* v. *Young*, 93 *Id.* 396; 9 *N. J. Dig.* 559, ¶ 191 *et seq.*

Second, "*Q.* What is their reputation. *A.* I just know them of being girls who do not work." This was harmless.

Third, "*Q.* Is this where Miss Craig and Miss Curtis live?" Not answered.

Fourth, is considered with Nos. 26 and 28—refers to the court's refusal to direct a verdict.

Fifth, rejecting the answer to a question put to Guy Dragone, the defendant, this was immaterial to the issue being tried, so, No. 6, refusing to put in evidence the records of the case of the State *v.* Guy Dragone for selling liquor in violation of the statute in November, 1921; tried before a judge of the Court of Common Pleas, acting as a magistrate.

Seventh, criticism of the charge in which the judge prefaced the same by a series of questions, such as, "Was this a place in which," &c. The criticism aimed at the charge in this respect is not justified. It is without legal merit.

Eighth, permitting the testimony of a witness, John A. Feld, to be read at this request of the jury: "We wish the evidence of the officer who claims that he was solicited in the cafe by one of the girls." This is not error, but we think such practice is not to be commended and should not be encouraged.

Ninth and tenth, admitting the testimony of the state's witness, Edsel T. Badgley, "*Q.* What then did you do?" the

answer, "A bad place and had a bad name." Objected to, but no ground of objection stated, and therefore will not be considered.

Eleventh and nineteenth, permitting the witness, Edsel T. Badgley, a police officer, to testify that some of the girls later were turned over to the board of health, and a witness, Melvin R. Ryan, a record nurse, to testify as to the names of women appearing on her records. It is difficult for us to see how this was injurious error. The same with No. 12. Permitting a witness, Emile Helfers, to testify: "Someone told them and tipped them off that we were coming." This was not objected to.

Fourteenth, fifteenth, eighteenth and twenty-fourth, error in admitting in evidence state's *Exhibits* No. 1, No. 2, No. 3, No. 4, No. 5. These refer to some half dozen half-pint whiskey bottles. The record does not show that they were put in evidence. The objection, however, seems to be that they were obtained without a search warrant. There is no legal error here.

Sixteenth, "*Q.* Who are they? *A.* Louise Curtis and Eleanor." No objection, a motion to strike out too late, see No. 1.

Seventeenth, permitting a witness, John A. Feld, to use a typewritten copy of a pencil notation made by him to identify the names of six women. This was not error.

Twentieth, twenty-first and twenty-second, testimony of the state's witness, James J. Gorman. There is no objection noted to this testimony in the record, then, besides, the witness was cross-examined at length on the subject-matter of the testimony, now objected to.

Twenty-third, permitting witness, Alexander Schmidt, to contradict testimony of a witness, Mrs. Elizabeth Smith, in another proceeding on cross-examination. The defendant, on direct examination, first referred to the witness Elizabeth Smith. It was then proper to let the state cross-examine the witness on the point.

Twenty-fifth, refusal to charge two requests: First as to knowledge and second as to habitual sale of liquor. The subject of both of these requests was fully covered by the charge. The trial judge is not bound to use the language of a request in the charge to the jury. ·

Fourth, twenty-sixth and twenty-eighth, alleged error, in denying the defendant's motion, at the close of the state's case, to direct a verdict in behalf of the defendant. This was not error. *State* v. *Plough,* 88 *N. J. L.* 425. The verdict in the case was against the weight of the evidence under *Pamph. L.* 1921, *p.* 951, *ch.* 349. This was not error. The verdict is fully supported by the evidence in the record.

Twenty-seventh, injustice was done to the defendant by the method in which the trial was conducted on the part of the state, just how is not made clear to us.

Twenty-ninth, the verdict and judgment against the defendant were erroneous and should be reversed. Not so. Finding no error in the record.

The judgment of the Essex County Quarter Sessions is affirmed.